Walworth, Chancellor.
The supreme court were right in supposing that the question whether the prima facie right of the plaintiffs in the court below, arising from the prior and *467 long continued possession, was not rebutted by a subsequent recovery against the tenant, so as to compel the plaintiffs to produce their paper title, is not raised by the tbill of exceptions in this case, and was not in fact presented to the consideration of the judge upon the trial. The judge did, in substance, charge the jury, as requested by the defendant’s counsel, in relation to the recovery against the tenants and their attornment with the assent of Baxter; and if the jury regarded that charge as it was intended, they must have arrived at the conclusion that the attornment of the tenants was without the consent of Baxter. Whether Baxter was actually apprised of the existence of the suit against the tenants before the trial thereof, does not appear by the case. Neither is it shown that the title, as between Bogert and Baxter, was in fact in controversy in that suit, or that it was brought forward on the trial. And 1 think it would be too much to say that a landlord shall lose the benefit of the legal presumption of title in him, arising from a prior uninterrupted possession in himself and those under whom he claims, merely because his tenants, without his knowledge, have been sued and suffered a verdict to pass against them, without giving him an opportunity to come in and defend the suit. If any decisions have gone that length, they have gone beyond the reasons upon which the decision of this court in Jackson v. Rightmyre (16 John. Rep. 314,) was founded. The actual decision of the court in the case of Whitney v. Wright, (15 Wend. 171,) I think does not warrant the language made use of by the reporter in his abstract of that decision ; for the opinion of Mr. Justice Bronson in that case connects the recovery of the premises from Porter with the fact of the virtual abandonment by Cleveland of his possession previous to that time, and with his subsequent acquiescence in an adverse possession for thirteen years after the recovery in the ejectment suit, which was in hostility to his prior claim.
It is evident from the whole of this case, that the real question which the defendant’s counsel relied upon at the circuit, was the conclusiveness of the former recovery as a flat bar or *468 estoppel to any subsequent suit by the landlord, although he could now show a perfect paper title to the premises, and upon the attornment of the tenant, with the alleged assent of Baxter. Upon the question of law, arising upon the statute, the decision of the judge was clearly right; and the jury have decided against the plaintiff in error upon the question of fact submitted to them at the trial.
The judgment of the court below should .therefore be affirmed.
Bockee, Senator, also delivered an opinion in favor of affirming the judgment of the supreme court.
All the members of the court, twenty three being present, concurring in this result, the judgment of the supreme court was unanimously affirmed, (a)

 The case of Rippey and another v. Ryer and others, was decided at the same time, and the judgment of the supreme coart affirmed by the same vote. For a report of the case in the supreme court, see 25 Wend. 432 et seq